IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-902-A |
| | § | |
| STEPHEN SHIELDS AND | § | |
| LAKIYA SHEILDS, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed in the above-captioned action by plaintiff, Deutsche Bank. Defendants, Stephen Shields and Lakiya Shields, did not file a response. Having considered the motion to remand, defendant's notice of removal, and applicable legal authorities, the court concludes that the motion to remand should be granted, and that this case should be remanded to the state court from which it was removed.

I.

Background

Plaintiff, Deutsche Bank, initiated this action by filing its original petition for forcible detainer in the Justice of the Peace Court, Precinct 8 Place 1, Tarrant County, Texas, naming as defendants Stephen Shields, Lakiya Shields and/or All Occupants of 1400 Muse St Fort Worth, Texas 76112. Defendant Stephen

Shields ("Shields") removed the action, alleging that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States. Plaintiff urges remand on the grounds that Shields has incorrectly asserted that a federal question supports removal and has failed to establish that diversity jurisdiction exists.

II.

Basic Principles

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(continued...)

362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

The court's jurisdiction must be premised on either federal question jurisdiction pursuant to 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. The existence of federal question jurisdiction is determined by applying the "well-pleaded" complaint rule. <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983). Under the rule, the existence of jurisdiction is determined solely from what appears on the face of plaintiff's complaint. <u>Id</u>. at 10. "[A] case may <u>not</u> be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) (emphasis in original). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Id.</u> at 392. For subject matter jurisdiction based on diversity

---

(...continued)
(emphasis added).

3

of citizenship, diversity must be complete. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). As argued by plaintiff, Shields has failed to establish either federal question or diversity jurisdiction as a proper basis for removal.

III.

<u>No Federal Question Jurisdiction</u>

Under 28 U.S.C. § 1331, this court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question alleged as the basis of removal is that "Plaintiff has violated [defendants'] rights under 12 U.S.C. § 2601, et. seq., 15 U.S.C. § 1601, et. seq., and 15 U.S.C. § 1692." Notice of Removal at 3. The notice of removal also alleges that defendants were not provided with notice of the assignment of their mortgage or with the required disclosures at closing; their income and expenditures were not properly verified; plaintiff did not provide notice of the assignment of the mortgage; and the non-judicial foreclosure of defendants' property was unlawful and invalid.

A review of the papers attached to the notice of removal shows that the underlying state court action is an eviction suit. None of the federal statutes listed in the notice of removal are mentioned in the state court petition, and nothing on the face of the petition raises a federal question. At most, Shields

4

contends in the notice of removal that he has federal defenses he intends to raise to the petition for forcible detainer filed against him by plaintiff. However, as plaintiff points out, whatever defenses Shields believes he may have to the state court eviction suit, those defenses cannot stand as the basis for removal to federal court.

IV.

No Diversity Jurisdiction

Because no federal question is present on the face of the state court petition, Shields must establish that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants the court "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states. 28 U.S.C. § 1332(a). This grant of jurisdiction, however, is limited by 28 U.S.C. § 1441(b)(2), which provides in pertinent part that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Here, the notice of removal contains no statement as to the citizenship of the parties or the amount in controversy in the

action.[2] Further, a review of the state court papers attached to the notice of removal provides no information from which the court can determine that citizenship of the plaintiff is diverse from the citizenship of each defendant or that the amount in controversy between plaintiff and defendants exceeds the statutorily required amount.[3]

\* \* \*

For the reasons given above, Shields has not carried his burden of establishing that federal subject matter jurisdiction exists in this case.

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted.

The court further ORDERS that the above-captioned action be,

---

[2] Contrary to plaintiff's assertion, Shields does not contend that the amount in controversy exceeds $75,000.00. Rather, Shields makes no statement at all in the notice of removal as to the amount in controversy in the action.

[3] Plaintiff asserts that removal is also improper because Shields has conceded in the notice of removal that he is a citizen of Texas by listing his address as the subject property on Muse Street in Fort Worth, Texas. However, the court can find no such concession in the notice of removal and cannot definitively determine Shields's citizenship from any of the state court documents either. In any event, the court finds that Shields has not shown by a preponderance of the evidence that complete diversity of citizenship exists or that the amount in controversy exceeds $75,000, exclusive of interest and costs.

6

and is hereby, remanded to the state court from which it was removed.

    SIGNED January 7, 2014.

_____
JOHN McBRYDE
United States District Judge